

# NUMBER 13-26-00422-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

JARED VOETEE,                                                          Appellant,

v.

OVATION SERVICES, LLC,                                          Appellee.

---

## ON APPEAL FROM THE 421ST DISTRICT COURT
## OF CALDWELL COUNTY, TEXAS

---

## MEMORANDUM OPINION

### Before Justices Peña, West, and Fonseca
### Memorandum Opinion by Justice Fonseca

This matter is before the Court on appellee's opposed motion to dismiss appeal, appellant's reply brief, and appellee's reply. On April 17, 2026, appellant, Jared Voetee, filed a "Defendant Petitions for Appeal" in cause no. 22-O-040.[1] Upon review of the

---

[1] This case is before the Court on transfer from the Third Court of Appeals pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

documents before the Court, despite bearing the name "Summary Judgment," it appears that the order from which this appeal was taken was not a final appealable order. "[A]n order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and parties." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001). Upon review of the record, it appears that some parties and claims to the underlying litigation remain pending before the trial court; specifically, there appears to be no resolution of the claims brought by intervenor Caldwell County Appraisal District. Based on the items in the appellate record, it appears there is not yet a final, appealable judgment.

On June 17, 2026, appellant filed an amended notice of appeal, and on June 18, 2026, appellant filed a brief reply. These documents both acquiesce that the underlying litigation involves an additional party, but appellant asserts the appeal is interlocutory and that the trial court orally pronounced that the order was appealable. Despite these assertions, appellant fails to identify a statute establishing the appealability of such an interlocutory order.

Absent an appealable interlocutory order or final judgment, this Court has no jurisdiction over this appeal. *See Ogletree v. Matthews*, 262 W.S.3d 316, 319 n. 1 (Tex. 2007); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191,195 (Tex. 2001). The Court, having considered the record before us and appellant's failure to correct the defect in this matter, is of the opinion that the appeal should be dismissed for want of jurisdiction. *See* TEX. R.

2

APP. P. 42.3(a). Accordingly, appellee's motion to dismiss is granted, and the appeal is dismissed for want of jurisdiction. *See id*.

                                        YSMAEL D. FONSECA
                                        Justice

Delivered and filed on the
25th day of June, 2026.